## In re ADOPTION OF INTERIM PROCEDURAL RULES.

### GEN. ORDER NO. 2005–1.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Oct. 17, 2005.

Before: BRANDT, KLEIN, MARLAR, MONTALI, SMITH and PAPPAS, Bankruptcy Judges.

Whereas, on April 20, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") was enacted into law; and

Whereas, most provisions of BAPCPA are effective on October 17, 2005; and

Whereas, the Advisory Committee on Bankruptcy Rules has prepared Interim Rules designed to implement the substantive and procedural changes mandated by BAPCPA; and

Whereas, the Committee on Rules of Practice and Procedure of the United States Judicial Conference (the "JCUS Standing Rules Committee"), and the Judicial Conference of the United States, have

of $205,597.10, approximately $166,000 of

approved these Interim Rules and recommended the adoption of the Interim Rules to provide uniform procedures for implementing BAPCPA; and

Whereas, included in the Interim Rules are Rules 8001(f) and 8003(d), both of which pertain to direct appeals to the court of appeals as authorized by 28 U.S.C. 158(d)(2) (the "Direct Appeals Provision"); and

Whereas, the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") needs interim procedural rules in place as of October 17, 2005 in order to implement the Direct Appeals Provision; and

Whereas, the October 17, 2005 effective date of BAPCPA has not provided sufficient time to promulgate rules after appropriate public notice and an opportunity for comment;

NOW THEREFORE, pursuant to 28 U.S.C. section 2071, and Paragraph 8 of the Amended Order Continuing Bankruptcy Appellate Panel of the Ninth Circuit (Amended May 9, 2002), the final versions of Interim Rules 8001(f) and 8003(d), as recommended by the JCUS Standing Rules Committee, are adopted in their entirety without change by the BAP, to conform with BAPCPA, for appeals arising out of bankruptcy cases filed on or after October 17, 2005.

Interim Rules 8001(f) and 8003(d) shall remain in effect until further order of the court.

### Rule 8001. Manner of Taking Appeal; Voluntary Dismissal; Certification to Court of Appeals

\* \* \* \* \* \*

(f) CERTIFICATION FOR DIRECT APPEAL TO COURT OF APPEALS

(1) *Timely Appeal Required.* A certification of a judgment, order, or decree of a

which consists of student loan debt.

bankruptcy court to a court of appeals under 28 U.S.C. § 158(d)(2) shall not be treated as a certification entered on the docket within the meaning of § 1233(b)(4)(A) of Public Law No. 109–8 until a timely appeal has been taken in the manner required by subdivisions (a) or (b) of this rule and the notice of appeal has become effective under Rule 8002.

(2) *Court Where Made.* A certification that a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists shall be filed in the court in which a matter is pending for purposes of 28 U.S.C. § 158(d)(2) and this rule. A matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3). A matter is pending in a district court or bankruptcy appellate panel after the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3).

(A) *Certification by Court on Request or Court's Own Initiative.*

(i) *Before Docketing or Grant of Leave to Appeal.* Only a bankruptcy court may make a certification on request or on its own initiative while the matter is pending in the bankruptcy court.

(ii) *After Docketing or Grant of Leave to Appeal.* Only the district court or bankruptcy appellate panel involved may make a certification on request of the parties or on its own initiative while the matter is pending in the district court or bankruptcy appellate panel.

(B) *Certification by All Appellants and Appellees Acting Jointly.*

A certification by all the appellants and appellees, if any, acting jointly may be made by filing the appropriate Official Form with the clerk of the court in which the matter is pending. The certification may be accompanied by a short statement of the basis for the certification, which may include the information listed in subdivision (f)(3)(C) of this rule.

(3) *Request for Certification; Filing; Service; Contents.*

(A) A request for certification shall be filed, within the time specified by 28 U.S.C. § 158(d)(2), with the clerk of the court in which the matter is pending.

(B) Notice of the filing of a request for certification shall be served in the manner required for service of a notice of appeal under Rule 8004.

(C) A request for certification shall include the following:

(i) the facts necessary to understand the question presented;

(ii) the question itself;

(iii) the relief sought;

(iv) the reasons why the appeal should be allowed and is authorized by statute or rule, including why a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists; and

(v) an attached copy of the judgment, order, or decree complained of and any related opinion or memorandum.

(D) A party may file a response to a request for certification or a cross-request within 10 days after the notice of the request is served, or another time fixed by the court.

(E) The request, cross request, and any response shall not be governed by Rule 9014 and shall be submitted without oral argument unless the court otherwise directs.

(F) A certification of an appeal under 28 U.S.C. § 158(d)(2) shall be made in a separate document served on the parties.

(4) *Certification on Court's Own Initiative.*

(A) A certification of an appeal on the court's own initiative under 28 U.S.C. § 158(d)(2) shall be made in a separate document served on the parties in the manner required for service of a notice of appeal under Rule 8004. The certification shall be accompanied by an opinion or memorandum that contains the information required by subdivision (f)(3)(C)(i)-(iv) of this rule.

(B) A party may file a supplementary short statement of the basis for certification within 10 days after the certification.

### Rule 8003. Leave to Appeal

\* \* \* \* \* \*

(d) If leave to appeal is required by 28 U.S.C. § 158(a) and has not earlier been granted, the authorization of a direct appeal by a court of appeals under 28 U.S.C. § 158(d)(2) shall be deemed to satisfy the requirement for leave to appeal.